UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DIANA BERBERICH,

          Plaintiff,

-vs-

eMAGIN CORPORATION.,

          Defendant.
-----------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

ECF Case

07 CIV. 8827

JUDGE KARAS

## INTRODUCTION

Plaintiff brings this action to redress unlawful gender discrimination and retaliation when she was discharged from her employment after making a lawful complaint of discrimination.

## PARTIES

1. Plaintiff Diana Berberich is a woman residing in the Town of Newburgh, County of Orange, within this Judicial district.

2. Defendant eMagin Corporation. is a corporation doing business in the State of New York, County of Dutchess. It may sue and be sued.

## JURISDICTION

3. As plaintiff brings this action to enforce her rights under Title VII of the Civil Rights Act of 1964, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 (3) & (4) and 42 U.S.C. § 2000e et seq. Pursuant to 28 U.S.C. § 1367, this Court has subject matter jurisdiction over the State law causes of action which derive from the same nucleus of operative facts as the Federal cause of action.

4. On February 16, 2007, plaintiff filed a timely charge of discrimination with the U.S. Equal Employment Opportunity Commission. As plaintiff received her Right to Sue letter on July 27, 2007, this claim is properly filed in Federal court.

**STATEMENT OF FACTS**

5. Plaintiff is a woman who commenced working for defendant in April 2000.

6. In or about December 3, 2001, plaintiff was laid off and rehired in or about August 2003.

7. Throughout her employment, plaintiff served as a production technician and professionally and satisfactorily performed her duties.

8. For approximately three years prior to her termination, both plaintiff and a co-worker complained to company officials about gender discrimination in pay and training.

9. On November 28, 2006, plaintiff was summoned to a two-hour meeting with defendant's managers to discuss an incident that had transpired 43 days earlier and had long-since been resolved.

10. During that meeting, defendant's managers made false accusations against plaintiff.

11. The following day, plaintiff sent an e-mail to Patricia Jones, defendant's Director of Human Resources, complaining of gender discrimination that had damaged her career opportunities.

12. Plaintiff copied this e-mail to her personal e-mail account and to a professional advisor.

13. That same day, Human Resources confirmed receipt of plaintiff's complaint and stated that defendant would investigate her allegations.

14. The following day, December 1, 2006, defendant terminated plaintiff's employment,

claiming that she had violated the company's confidentiality policy by copying the e-mail to outside parties.

15. Defendant's alleged confidentiality policy was merely a pretext for retaliating against plaintiff for filing a lawful claim of discrimination.

16. As a consequence of defendant's unlawful misconduct, plaintiff has suffered lost income, benefits, career opportunities as well as disruption of her personal life, emotional distress, humiliation and embarrassment.

**CLAIMS**

17. Plaintiff incorporates the allegations in ¶¶ 1-16 as if fully re-stated herein.

18. Defendant discriminated against plaintiff in the terms and conditions of her employment on account of her gender, in violation of Title VII of the Civil Rights Act of 1964 and the New York State Executive Law.

19. Defendant retaliated against plaintiff for complaining about gender discrimination, in violation of Title VII of the Civil Rights Act of 1964 and the New York State Executive Law.

WHEREFORE, plaintiff prays that this Honorable Court:

a. accept jurisdiction over this action;

b. empanel a jury to fairly hear and decide this action;

c. award to plaintiff compensatory damages for lost wages and benefits as well as to redress her physical and emotional pain and suffering;

d. award to plaintiff punitive damages for defendant's willful violation of Title VII of the Civil Rights Act of 1964;

e. award to plaintiff reasonable attorneys' fees and costs expended in litigating this

action; and

f.  award such other relief deemed just and proper.

Dated:   October 5, 2007
         Chester, New York

Respectfully submitted,

Helen G. Ullrich (HU6597)
BERGSTEIN & ULLRICH, LLP
Attorneys for Plainitff
15 Railroad Avenue
Chester, New York 10918
845 469 1277