Sameer Rastogi, Esq. (SR-5249)
Christopher P. Milazzo, Esq. (CM-9974)
SICHENZIA ROSS FRIEDMAN FERENCE LLP
61 Broadway, 32nd Floor
New York, New York 10006
(212) 930-9700 (tel.)
(212) 930-9725 (fax)

Attorneys for Defendant eMagin Corporation

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

DIANA BERBERICH                          :         Case No. 07-CV-8827 (KMK)

                Plaintiff,            :

    - against -                          :         **ANSWER**

EMAGIN CORPORATION,                      :

             Defendant.            :
--------------------------------------------------------------x

      Defendant eMagin Corporation ("Respondent"), by and through its attorneys, Sichenzia

Ross Friedman Ference LLP, answers the Complaint (the "Complaint") filed by Plaintiff Diana

Berberich ("Plaintiff") in the above-captioned action as follows:

**INTRODUCTION**

      Denies the allegations contained in the introductory paragraph of the Complaint.

**PARTIES**

      1.      Denies knowledge and information sufficient to form a belief as to the truth of the

allegations contained in paragraph 1 of the Complaint.

      2.      Admits the allegations contained in paragraph 2 of the Complaint.

**JURISDICTION**

3.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and respectfully refers the Court to the referenced statutes for the contents thereof.

4.      Denies the allegations contained in paragraph 4 of the Complaint, except denies knowledge and information sufficient to form a belief as to the truth of the allegation that Plaintiff received a Right to Sue Letter.

**STATEMENT OF FACTS**

5.      Admits the allegations contained in paragraph 5 of the Complaint.

6.      Admits the allegations contained in paragraph 6 of the Complaint.

7.      Denies the allegations contained in paragraph 7 of the Complaint, except admits that Plaintiff was employed by Defendant as a production technician.

8.      Denies the allegations contained in paragraph 8 of the Complaint.

9.      Denies the allegations contained in paragraph 9 of the Complaint, except admits that a meeting took place on November 28, 2006 at which Plaintiff and certain representatives of Defendant were present.

10.      Denies the allegations contained in paragraph 10 of the Complaint.

11.      Denies the allegations contained in paragraph 11 of the Complaint, except admits that on or about November 29, 2006, Plaintiff sent Patricia Jones an e-mail, and respectfully refers the Court to the referenced e-mail, which speaks for itself.

12.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, and respectfully refers the Court to the referenced e-mail, which speaks for itself.

13.    Denies the allegations contained in paragraph 13 of the Complaint, except admits that Defendant stated that it would investigate the allegations contained in Plaintiff's purported complaint.

14.    Denies the allegations contained in paragraph 14 of the Complaint, except admits that on December 1, 2006, Defendant terminated Plaintiff's employment and that Plaintiff violated Defendant's confidentiality policy.

15.    Denies the allegations contained in paragraph 15 of the Complaint.

16.    Denies the allegations contained in paragraph 16 of the Complaint.

## CLAIMS

17.    Defendant incorporates and realleges each and every admission and denial contained in the above paragraphs as if set forth fully herein.

18.    Denies the allegations contained in paragraph 18 of the Complaint.

19.    Denies the allegations contained in paragraph 19 of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Defendant did not engage in any discriminatory practices or conduct.  Accordingly, cannot state a claim under Title VII of the Civil Rights Act of 1964, New York State Executive Law, New York State Human Rights Law, or any other Federal, State or local laws.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff was terminated from her employment at Defendant for legitimate, non-discriminatory reasons, including, but not limited to her sub par performance of her duties, insubordination, inappropriate conduct and poor general attitude.  Accordingly, cannot state a

claim under Title VII of the Civil Rights Act of 1964, New York State Executive Law, New York State Human Rights Law, or any other Federal, State or local laws.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Defendant did not retaliate against Plaintiff in any manner whatsoever for lodging her purported complaint of discriminatory conduct. Accordingly, cannot state a claim under Title VII of the Civil Rights Act of 1964, New York State Executive Law, New York State Human Rights Law, or any other Federal, State or local laws.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The recovery of any purported damages is barred, in whole, or in part, by Plaintiff's failure to mitigate her alleged damages.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole, or in part, by the applicable statutes of limitations.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over all or some of Plaintiff's purported claims because Plaintiff failed to comply with the necessary statutory prerequisites.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Any and all tangible employment actions affecting Plaintiff were based upon legitimate, non-discriminatory and non-retaliatory reasons.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff did not engage in any protected activity in connection with her purported complaint. Accordingly, Plaintiff cannot state a claim for retaliation under Title VII of the Civil Rights Act of 1964, New York State Executive Law, New York State Human Rights Law, or any other Federal, State or local laws.

New York State Executive Law, New York State Human Rights Law, or any other Federal, State or local laws.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover any punitive damages because Defendant did not engage in any intentional discriminatory conduct, nor did it engage in any discriminatory practice with malice or reckless indifference to the rights of Plaintiff.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages are barred, in whole or in part, to the extent such damages are not recoverable under Title VII of the Civil Rights Act of 1964 and/or the New York Executive Law.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that she failed to timely report her allegations of discriminatory conduct to any supervisory or management personnel of Defendant.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by her unclean hands and culpable conduct.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver and/or estoppel.

**WHEREFORE**, Defendant demands judgment as follows:

(a)     Dismissing the Complaint in its entirety;

(b)     For its costs and disbursements in this action, including its reasonable attorneys'

fees; and

(c)     For such other and further relief as the Court deems just, equitable and proper.

Dated: New York, New York
November 26, 2007

Respectfully submitted,

SICHENZIA ROSS FRIEDMAN FERENCE LLP

By: _Christopher P. Milazzo_____

Sameer Rastogi, Esq. (SR-5249)
Christopher P. Milazzo, Esq. (CM-9974)
61 Broadway, 32nd Floor
New York, New York 10006
(212) 930-9700

Attorneys for Defendant eMagin Corporation